NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CALVIN SLOCUM,**
*Petitioner*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent*

---

2015-3097

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-07-0157-C-2.

---

Decided: November 10, 2015

---

CALVIN SLOCUM, Decatur, AL, pro se.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M HOSFORD.

---

Before DYK, MOORE, and STOLL, *Circuit Judges.*

PER CURIAM.

Mr. Slocum appeals a final decision of the Merit Systems Protection Board denying his petition for enforcement of a June 6, 2008 order. Because the Board properly denied Mr. Slocum's petition under the doctrine of res judicata, we affirm.

BACKGROUND

The United States Postal Service employed Mr. Slocum, a preference-eligible veteran, as a Mail Handler in Huntsville, Alabama. In 2006, Mr. Slocum began an extended absence from his job for medical reasons. On October 4, 2006, the USPS placed Mr. Slocum on emergency placement in a non-duty, non-pay status. Then, in March 2007, the USPS placed Mr. Slocum on permanent leave without pay. He returned to work in May 2009.

While on leave, Mr. Slocum filed an appeal at the Board challenging his October 4, 2006 emergency placement. In a 2008 order, the Board directed the USPS to cancel Mr. Slocum's placement on non-duty status and to "restore [Mr. Slocum] effective October 4, 2006." J.A. 69. The Board also ordered the USPS to issue Mr. Slocum back pay, including interest and benefits. And the Board informed Mr. Slocum that he might be entitled to reasonable attorney's fees and costs. Three months later, Mr. Slocum, acting under the advice of counsel, signed a settlement agreement: Mr. Slocum "agree[d] to fully and finally settle all claims by Appellant of any nature against the United States Postal Service" in return for three months' back pay and $6,800 in attorney's fees. J.A. 71.

After receiving a check from the USPS for three months' back pay, Mr. Slocum filed his first petition for enforcement challenging the calculation of his pay. The Administrative Judge denied Mr. Slocum's petition because the USPS had properly calculated the three months'

back pay. The Board subsequently denied Mr. Slocum's petition for review of the AJ's decision.

Mr. Slocum then filed a second petition challenging the USPS's compliance with the 2008 order to restore him effective October 4, 2006. Mr. Slocum acknowledged that he had received the three months' back pay stipulated in the settlement agreement, but he asserted that the USPS wrongly denied him back pay from January 21, 2007, to May 25, 2009 (the date he returned to employment). Mr. Slocum reasoned that, because the 2008 order "commanded the USPS to restore the appellant to duty effective October 4, 2006," he was due back pay for the period until he returned to full employment in 2009. J.A. 98–99.

The AJ denied Mr. Slocum's petition under the doctrine of res judicata. The AJ held that Mr. Slocum's first petition to enforce the settlement agreement barred his second petition for enforcement of the 2008 order. The AJ explained that the 2008 order had been "subsumed by the terms of the settlement agreement." J.A. 23. Thus, when the first petition challenged the USPS's compliance with the settlement agreement, it also challenged the USPS's compliance with the 2008 order. As a result, the AJ held that Mr. Slocum's second petition challenging the USPS's compliance with the 2008 order was barred under res judicata.

Mr. Slocum petitioned the Board to review the AJ's dismissal. The Board affirmed, reasoning that Mr. Slocum "could have raised the issue of whether the [USPS] erred in limiting its back pay check to 3 months' pay in his first petition for enforcement." *Slocum v. U.S. Postal Serv.*, No. AT-0752-07-0157-C-2, 2015 WL 110618, ¶ 7 (M.S.P.B. Jan. 8, 2015). The Board thus issued a final decision dismissing Mr. Slocum's second petition under the doctrine of res judicata.

Mr. Slocum appeals the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's legal conclusion on res judicata de novo. *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1267 (Fed. Cir. 2008).

"Under the doctrine of res judicata (or claim preclusion), '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Ammex, Inc. v. United States,* 334 F.3d 1052, 1055 (Fed. Cir. 2003) (quoting *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398 (1981)). Here, the parties are undisputedly the same—Mr. Slocum challenged the USPS's acts in both the first and second petition. And the first petition reached a final judgment on the merits after the Board denied his petition for review. Accordingly, we need only determine whether Mr. Slocum could have raised the grounds for the second petition in the first.

We agree with the Board that Mr. Slocum, in his first petition, could have raised the issues he later presented in his second petition. In his first petition, Mr. Slocum challenged the sufficiency of the USPS's payment of back pay under the settlement. In his second petition, Mr. Slocum again challenged the sufficiency of the USPS's back pay, but this time he argued that he was due back pay for an additional time period—January 20, 2007 to May 25, 2009—as well as the three months the USPS had already paid. So both petitions relate to whether the USPS paid the proper amount of back pay under the 2008 order, and therefore both petitions relate to the same set of transactional facts. Because Mr. Slocum could have

challenged the USPS's compliance with the 2008 order in his first petition, he cannot bring that same claim in a second petition under the doctrine of res judicata. *See Phillips/May Corp.*, 524 F.3d at 1271 ("[T]he general rule is that claim preclusion applies when 'the second claim is based on the same set of transactional facts as the first.'" (quoting *Ammex*, 334 F.3d at 1055)). We thus discern no error in the Board's denial of Mr. Slocum's second petition under the doctrine of res judicata.

## CONCLUSION

For the reasons stated above, we affirm.

## **AFFIRMED**

### COSTS

No costs.